**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARY FRANKLIN MURRAY,
Plaintiff-Appellee,

v.

RICKY FRYE, Officer,
Defendant-Appellant,

and

LEESBURG POLICE DEPARTMENT; TOWN
OF LEESBURG, VA; LOUDOUN
COUNTY, VIRGINIA; DAVID DOE; JULIA
TURNER; NHP PROPERTY
MANAGEMENT, INCORPORATED; JAMES
KIDWELL,
Defendants.

No. 97-7330

GARY FRANKLIN MURRAY,
Plaintiff-Appellant,

v.

RICKY FRYE, Officer; TOWN OF
LEESBURG, VA,
Defendants-Appellees,

No. 97-7382

and

LEESBURG POLICE DEPARTMENT;
LOUDOUN COUNTY, VIRGINIA; DAVID
DOE; JULIA TURNER; NHP PROPERTY
MANAGEMENT, INCORPORATED; JAMES
KIDWELL,
Defendants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief Distict Judge;
Leonie M. Brinkema, District Judge.
(CA-96-1212-A)

Argued: January 29, 1999

Decided: May 4, 1999

Before WILKINS and KING, Circuit Judges, and
GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded with instructions by
unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alan Douglas Titus, CARR, GOODSON, LEE & WAR-
NER, P.C., Washington, D.C., for Appellant. Victor Michael Glas-
berg, VICTOR M. GLASBERG & ASSOCIATES, Alexandria,
Virginia, for Appellee. **ON BRIEF:** Jeanne Goldberg, VICTOR M.
GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

I.

The appellee, Gary Franklin Murray, filed a civil complaint against the appellant, Officer Ricky Frye, and the Town of Leesburg, Virginia, pursuant to 42 U.S.C. § 1983, alleging various constitutional violations. After discovery, Officer Frye and the Town of Leesburg filed motions for summary judgment. The district court granted the town's motion, but denied Officer Frye's motion. A jury trial was had on the four counts against Officer Frye. The jury returned a verdict in favor of Murray on Count I, and for Frye on the remaining counts. Frye now appeals the judgment as to Count I, and Murray cross-appeals the grant of summary judgment to the Town of Leesburg and the judgment entered on the verdict for Officer Frye on Count III.

We reverse the judgment in favor of Mr. Murray and affirm the judgment in favor of Officer Frye. We also affirm the judgment granted the Town of Leesburg. The judgment below is therefore reversed in part and affirmed in part and remanded with instructions that judgment be entered for the appellant, Ricky Frye.

II.

On September 3, 1994, Ricky Frye, an officer for the Town of Leesburg's Police Department, received a tip from a confidential informant that Gary Franklin Murray was selling marijuana from his truck in the Loudoun House parking lot. The informant described Murray and the truck. Officer Frye drove to the Loudoun House parking lot and saw a man with a truck matching the informant's description. Frye was dressed in plain clothes and was driving a unmarked red Ford Mustang convertible.

The plaintiff and the defendants have differing versions of what happened next. Officer Frye claims that he got out of his car and walked toward Murray. Frye says that Murray then leaned down and tossed something under the truck. As he walked up to him, Frye said

that he had heard that Murray was selling marijuana. Frye says Murray then turned and began to walk away. Officer Frye recounts that he then announced that he was a police officer and commanded Murray to stop. Murray then wheeled around, punched him twice in the head and knocked him to the ground.

Mr. Murray's account is quite different. He claims that after Officer Frye asked about the marijuana, he answered that "a person cannot believe everything that he hears," and then turned to walk away. Murray says that Frye then grabbed him and roughly pulled him around, slamming him against his truck. Murray says that he did not know Frye was a police officer and defended himself by knocking Frye to the ground.

The remaining facts are not in dispute. Upon hitting the ground, Officer Frye removed a police radio from his rear pocket and called for help. Officer Steven Pebler arrived, and along with Officer Frye, placed Murray under arrest for assaulting Frye. Officer Frye then searched the area and found six baggies of marijuana under Murray's truck and one baggie inside the truck. Murray claimed that Officer Frye planted the drugs.

Frye filed a criminal complaint, and a magistrate issued two arrest warrants charging Murray with felony possession with intent to distribute marijuana and felony assault on a police officer. On October 11, 1994, the Loudoun County General District Court dismissed the felony drug charge because the amount of marijuana was less than the ounce required by the applicable code section. Later, the general district court granted the Commonwealth's nolle prosequi motion with respect to the felony-assault charge.

After both charges against Murray were dismissed, Officer Frye obtained two new warrants charging Murray with misdemeanor assault and misdemeanor possession with intent to distribute marijuana. On February 23, 1995, the general district court dismissed the marijuana charge but found Murray guilty of the misdemeanor assault charge. Murray was sentenced to a six-month suspended term of imprisonment. He appealed and on May 24, 1995, the Loudoun County Circuit Court reversed Murray's conviction.

4

On August 29, 1996, Murray filed suit against Officer Frye and others alleging wrongful arrest and alleging that he was unconstitutionally assaulted by Officer Frye in violation of the Fourth Amendment.

After two amended complaints, Murray filed a third amended complaint alleging various violations of 42 U.S.C.§ 1983 by Officer Frye and the Town of Leesburg. The town and Frye moved for summary judgment. On June 6, 1997, the district court granted the town's summary judgment motion and granted Murray two weeks to provide further evidentiary support for his claims. The court further stated that in the absence of additional evidence that Officer Frye planted evidence, the court would grant Frye summary judgment. Shortly thereafter, Murray filed an affidavit from a witness and the district court denied Frye's summary judgment motion.

Murray went to trial against Frye on four counts. Count I required the jury to determine whether Frye unlawfully assaulted Murray.[1] Count II required the jury to determine whether Frye had caused Murray to be arrested on September 3 without adequate legal grounds. Count III required the jury to determine whether Frye filed false affidavits for an arrest warrant against Murray. The arrest warrants alleged that Murray (a) wrongfully assaulted Frye and (b) possessed and distributed marijuana. Count IV required the jury to determine if Frye caused Murray's property to be unconstitutionally seized.[2] At the

_____

[1] The trial judge earlier had indicated that Murray's allegation that Frye planted evidence was the only factual dispute that precluded summary judgment for Frye. Nevertheless, after the affidavit supporting this single allegation was filed, the judge denied Frye's entire motion for summary judgment.

[2] Pursuant to Murray's arrest, the Commonwealth commenced a civil forfeiture action against Murray's truck and the $710.00 that was found on Murray's person when he was arrested. The Commonwealth non-suited that action because the amount of marijuana was insufficient to support a forfeiture of the truck. The Commonwealth commenced a second forfeiture action against the $710 only. Eventually, the Loudoun County Circuit Court directed that Leesburg return the $710 to Murray. Murray does not cross-appeal the jury's verdict for Officer Frye on Count IV.

close of evidence, Frye moved for judgment as a matter of law. The court denied that motion.

After some deliberation, the jury asked the court a question concerning Counts II and III. Both counts required the jury to make findings about whether Frye wrongfully arrested Murray on two different charges: (1) the assault of Officer Frye and (2) the distribution of marijuana. The jury inquired whether it could find for Murray on Count II or III if it did not find that the arrests on both the assault charge and the drug charge were wrongful. The court consulted with counsel and notified the jury that it could not hold Frye liable for either count unless it found that the arrest on each charge cited in that count was improper. Under the court's "all or nothing" ruling, if the jury determined that the arrest on one charge was wrongful but the arrest on the other was proper, Murray could not recover.

Subsequently, the jury returned a verdict in favor of Murray on Count I and in favor of Frye on Counts II, III, and IV. Following trial, Frye renewed his motion for judgment as a matter of law on Count I and, in the alternative, for a new trial. Murray moved for a new trial on Count III. The district court denied the motions and entered judgment on the jury's verdict.

Officer Frye alleges that the district court erred in refusing to grant summary judgment on qualified immunity grounds; in giving a jury instruction on punitive damages; and in denying his motion for judgment as a matter of law based upon the legal inconsistency between the jury's verdict for Officer Frye on Counts II, III, and IV and the jury's verdict against him on Count I. Murray cross-appeals alleging error in the court's denial of his motion for a new trial on Count III and in the court's granting summary judgment to the Town of Leesburg.

III.

A.

A district court's denial of the defendant's motion for judgment as a matter of law and its decision concerning the applicability of quali-

6

fied immunity is reviewed de novo. DiMeglio v. Haines, 45 F.3d 790, 794 (4th Cir. 1995). On the other hand, the decision to grant or deny a new trial is reviewed for a clear abuse of discretion. Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 186 (4th Cir. 1994). The key question in such a review is whether there was an error at trial that was so grievous that it rendered the trial unfair. Id.

B.

1.

A plaintiff may seek redress for the violation of her or his constitutional rights by a state actor who was acting under the color of state law. See 42 U.S.C.A. § 1983 (West Supp. 1998). However, a law enforcement officer is immune from liability if"a reasonable officer could have believed [the defendants' actions] to be lawful, in light of the clearly established law and the information the . . . officer[ ] possessed." Anderson v. Creighton, 483 U.S. 635, 636 (1987); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that qualified immunity should be granted to officials in§ 1983 actions when the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). This Court has established a three-step analysis for determining whether an officer's conduct is covered by qualified immunity:

> (1) identify the right allegedly violated, (2) decide whether that right was clearly established at the time of the alleged violation, and, if so, (3) determine whether a reasonable person in the officer's position would have known that his or her actions violated that right.

Smith v. Reddy, 101 F.3d 351, 355 (4th Cir. 1996) (citing Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992))."The qualified immunity defense . . . provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

To decide whether Officer Frye should have been immune from suit on Count I of the complaint, we must view the evidence in a light

7

most favorable to the plaintiff and determine if Officer Frye's "rough grab" violated Murray's Fourth Amendment rights, and if so, was Officer Frye's action unreasonable? Because we conclude the answer to both of these questions is "no," we find that the district court erred in denying Frye's motion for summary judgment on Count I.

2.

We conclude that summary judgment should have been entered for Frye on qualified immunity grounds.**3** In conducting a de novo review, we consider the facts in the light most favorable to the plaintiff. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Even when viewed in the light most favorable to Mr. Murray, Officer Frye's rough grab of Murray was certainly reasonable under the circumstances, and therefore did not constitute an unreasonable seizure of Murray's person. Murray contends that Frye's rough grab, together with the fact that he did not identify himself as an officer, was unreasonable. We disagree.

Because we view the facts most favorably to Murray, we accept the allegation that Officer Frye did not identify himself. However, we conclude that the failure to announce that one is a law enforcement officer is but one factor to be considered along with all other circumstances, in determining the reasonableness of the officer's actions. The parties stipulated that Officer Frye had an articulable suspicion sufficient to warrant a Terry stop. See Terry v. Ohio, 392 U.S. 1, 20 (1968). As Murray turned away, Frye simply used only that force necessary to detain Murray so that Frye could further question him. See Graham v. Connor, 490 U.S. 386, 396 (1989) ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). Although the force could be characterized as a "rough grab," it did not result in physical harm. In fact, the grab did not prevent Murray from

_____

**3** Qualified immunity should be resolved at the summary judgment stage, if possible. See DiMeglio v. Haines, 45 F.3d 790, 794 (4th Cir. 1995) ("[The qualified immunity inquiry] is a pure question of law . . . and hence always capable of decision at the summary judgment stage.") (quotations and citations omitted).

8

wheeling around and delivering two knock-down blows to Officer Frye's head. Giving Murray all the reasonable inferences from the evidence, it is clear that Officer Frye's "rough grab" was not an unreasonable seizure in violation of the Fourth Amendment.

Even if we were to conclude that the seizure was unreasonable, we conclude that Officer Frye acted reasonably under the circumstances, entitling him to immunity for his actions. See generally Lisa R. Eskow & Kevin W. Cole, The Unqualified Paradoxes of Qualified Immunity: Reasonably Mistaken Beliefs, Reasonably Unreasonable Conduct, and the Specter of Subjective Intent That Haunts Objective Legal Reasonableness, 50 BAYLOR L. REV. 869, 875-78 (1998) (distinguishing the reasonableness inquiries in Fourth Amendment analysis and qualified immunity analysis). Certainly, a reasonable officer in Frye's position could have believed that "grabbing" Murray under these circumstances would not violate Murray's constitutional rights. The objective question is whether under the totality of the circumstances, a police officer, without identifying himself or herself as such, could have reasonably believed that grabbing a person in such a manner was not a violation of a clearly established constitutional right. Considering the stipulated articulable suspicions and the circumstances surrounding Frye's actions, we conclude that a reasonable officer would not think it was a violation of Murray's rights to stop and turn him around roughly without first identifying himself. See Terry, 392 U.S. at 10 ("[I]n dealing with the rapidly unfolding and often dangerous situations on city streets the police are in need of escalating set of flexible responses, graduated in relation to the amount of information they possess.). The district court erred in failing to grant summary judgment to Frye on Count I. Moreover, because Frye was not liable to Murray on any count, there can be no derivative liability for the Town of Leesburg. Consequently, we need not address Murray's claim that summary judgment in favor of the Town of Leesburg was in error.

C.

Murray cross-appealed the district court's refusal to grant him a new trial on Count III. The jury was instructed that in order to render a verdict in Murray's favor on Count III, the jury had to find that Murray was wrongfully arrested, regardless of the relative merit of

9

the assault charge or the drug charge. In other words, the jury could not make individual findings as to whether the warrant for the drug charge or the warrant for the assaulting an officer charge were individually without merit. Murray challenges the district court's instruction that the jury could not bifurcate the two claims.

The decision to deny a new trial "is not reviewable upon appeal, save in the most exceptional circumstances." Lindner v. Durham Hosiery Mills, Inc., 761 F.2d 162, 168 (4th Cir. 1985) (quoting Aetna Casualty & Sur. Co. v. Yeatts, 122 F.2d 350, 354 (4th Cir. 1941)).

> Given the district court's intimate familiarity with the trial, the district court may weigh evidence and assess credibility in ruling on a motion for a new trial. . . . In reviewing a grant or denial of a new trial, the crucial inquiry is whether an error occurred in the conduct of the trial that was so grievous as to have rendered the trial unfair.

Bristol Steel & Iron Works, 41 F.3d at 186 (quotations and citations omitted).

As an initial matter, we note that the district court followed the plaintiff's complaint in instructing the jury, and the plaintiff acquiesced to the form of the instructions. Moreover, the trial judge did not abuse her discretion by failing to bifurcate the claims after the jury submitted the question. The jury's decision on Count I does not automatically lead to the conclusion that the jury would have found in favor of Murray on the assault arrest warrants if Count III were bifurcated. It is possible that even if the jury believed that Frye illegally assaulted Murray, Frye could still have had a reasonable basis for believing that the affidavit he submitted to support his warrant request established probable cause for a charge that Murray illegally assaulted a police officer. Even if Frye did not identify himself as a police officer verbally, he could have reasonably believed that under the circumstances, Murray struck Frye knowing full well that Frye was indeed a police officer. See Malley, 475 U.S. at 345 (stating that the issue for whether immunity is proper for the submission of an application for an arrest warrant "is whether a reasonably well-trained officer in [the defendant's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the

10

warrant."). The district court did not abuse its discretion in failing to grant Murray a new trial on Count III.

IV.

For the reasons stated above, we reverse in part and affirm in part the district court's judgment below. We reverse the district Court's judgment for the appellee, Gary Franklin Murray, with respect to Count I of the complaint and remand with instructions that judgment be entered for the appellant, Ricky Frye. As for summary judgment in favor of the Town of Leesburg, and the denial of a motion for new trial on Count III, we affirm.

<u>AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED WITH INSTRUCTIONS</u>

11